# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

DEMETRIOUS LOWE
4008 W. Good Hope Rd., Milwaukee, WI 53209 and
TRAYVOND BURTON
3115 W. Juneau Avenue, Milwaukee, WI 53208,

                Plaintiffs,                **FEDERAL**

   v.                                    **COMPLAINT**

CITY OF BROOKFIELD                    Case No. 25CV
2000 N. Calhoun Road, Brookfield, WI 53005,
CITY OF BROOKFIELD POLICE
OFFICERS JOSHUA SCHABER, BRANDON
SCHULZ, GABRIEL EESLEY, MAX
FAULSTITCH, and DEREK HANDEL
2100 N. Calhoun Road, Brookfield, WI 53005,

                Defendants.

NOW COMES the Plaintiffs, by their duly authorized attorney, Walter W. Stern, as and for a Complaint against the above-named Defendants, alleges and shows to the Court, as follows:

### NATURE OF THE CASE

1.    Plaintiffs DEMETRIOUS LOWE (hereinafter "LOWE") and TRAYVOND BURTON ("BURTON") brings this action against Defendants CITY OF BROOKFIELD ("BROOKFIELD"), City of Brookfield Officers JOSHUA SCHABER ("SCHABER"), BRANDON SCHULZ ("SCHULZ "), GABRIEL EESLEY ("EESLEY "), MAX FAULSTITCH ("FAULSTITCH "), and DEREK HANDEL ("HANDEL "), due to an alleged false arrest and use of excessive force which occurred on September 14, 2024, all in opposition to the 4th and 14th Amendments to the United States Constitution.

1

## JURISDICTION AND VENUE

2.      That the jurisdiction of this Court is invoked in accordance with Title 28 USC §1331 and Title 28 USC § 1343, alleging a violation under Title 42 USC § 1983, commonly known as the Civil Rights Act, this being a suit in law or equity, authorized by law to be brought to provide a remedy with respect to the deprivation, under the color of state law, statutes, regulations, and customs of the State of Wisconsin, of the rights, privileges and immunities secured by the federal law in the Constitution of the United States, pursuant to the 4th and 14th Amendments to the United States Constitution.

## PARTIES

3.      Plaintiff DEMETRIOUS LOWE (hereinafter "LOWE"), is an adult resident of the State of Wisconsin, residing at 4008 W. Good Hope Rd., Milwaukee, WI 53209.

4.      Plaintiff TRAYVOND BURTON (hereinafter "BURTON"), is an adult resident of the State of Wisconsin, residing at 3115 W. Juneau Avenue, Milwaukee, WI 53208.

5.      Defendant CITY OF BROOKFIELD ("BROOKFIELD") is a municipal corporation, organized under the laws of the State of Wisconsin, is a "person" for purposes of 42 U.S.C. § 1983 and "public entity" under 42 U.S.C. § 1213(1) and had a custom, practice and procedure of discriminating against African-Americans with respect to stopping, arresting and detaining as opposed to that of Caucasians residing in the City of Brookfield.

6.      Defendant JOSHUA SCHABER ("SCHABER") is an adult citizen of the United States and a resident of the State of Wisconsin.  At all times material hereto, Defendant SCHABER was employed by the City of Brookfield Police Department, 2100 N. Calhoun, Brookfield, WI.  Upon information and belief, at all times material hereto, Defendant SCHABER acted pursuant to Wisconsin law, custom and statutes in effect in the State of Wisconsin in his

2

individual capacity as a police officer for the City of Brookfield and/or acting in individual capacity to detain, arrest, and incarcerate the Plaintiff and others similarly situated. At all times pertinent, SCHABER had a duty to respect and apply the law of search and seizure pursuant to the 4th and 14th Amendments to the United States Constitution.

7. Defendant BRANDON SCHULZ ("SCHULZ") is an adult citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, Defendant SCHABER was employed by the City of Brookfield Police Department. Upon information and belief, at all times material hereto, Defendant SCHULZ acted pursuant to Wisconsin law, custom and statutes in effect in the State of Wisconsin in his individual capacity as a police officer for the City of Brookfield and/or acting in individual capacity to detain, arrest, and incarcerate the Plaintiff and others similarly situated. At all times pertinent, SCHULZ had a duty to respect and apply the law of search and seizure pursuant to the 4th and 14th Amendments to the United States Constitution.

8. Defendant GABRIEL EESLEY ("EESLEY") is an adult citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, Defendant EESLEY was employed by the City of Brookfield Police Department. Upon information and belief, at all times material hereto, Defendant EESLEY acted pursuant to Wisconsin law, custom and statutes in effect in the State of Wisconsin in his individual capacity as a police officer for the City of Brookfield and/or acting in individual capacity to detain, arrest, and incarcerate the Plaintiff and others similarly situated. At all times pertinent, EESLEY had a duty to respect and apply the law of search and seizure pursuant to the 4th and 14th Amendments to the United States Constitution.

9. Defendant MAX FAULSTITCH ("FAULSTITCH") is an adult citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, Defendant

3

FAULSTITCH was employed by the City of Brookfield Police Department. Upon information and belief, at all times material hereto, Defendant FAULSTITCH acted pursuant to Wisconsin law, custom and statutes in effect in the State of Wisconsin in his individual capacity as a police officer for the City of Brookfield and/or acting in individual capacity to detain, arrest, and incarcerate the Plaintiff and others similarly situated. At all times pertinent, FAULSTITCH had a duty to respect and apply the law of search and seizure pursuant to the 4th and 14th Amendments to the United States Constitution.

10. Defendant DEREK HANDEL ("HANDEL") is an adult citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, Defendant HANDEL was employed by the City of Brookfield Police Department. Upon information and belief, at all times material hereto, Defendant HANDEL acted pursuant to Wisconsin law, custom and statutes in effect in the State of Wisconsin in his individual capacity as a police officer for the City of Brookfield and/or acting in individual capacity to detain, arrest, and incarcerate the Plaintiff and others similarly situated. At all times pertinent, HANDEL had a duty to respect and apply the law of search and seizure pursuant to the 4th and 14th Amendments to the United States Constitution.

**FACTS**

11. That on or about September 14, 2024, Defendants LOWE and BURTON were on a scheduled break from their employment with the Brookfield Convention Center in Brookfield, Wisconsin.

12. While the Plaintiffs were outside on break, a Brookfield Police car was doing a scheduled patrol of the parking lot. While observing the lot, Defendant SCHABER saw both Plaintiffs exit a parked vehicle and commence walking back toward their place of employment,

4

the Brookfield Conference Center.

13. Defendant SCHABER purported to smell marijuana emanating from the vehicle. He told the Plaintiffs to stop walking, but they continued to walk toward the Brookfield Conference Center as their break was over and they had to resume their employment duties.

14. Defendant SCHABER, in his report, never states that he saw either Plaintiff actively smoking marijuana, holding a joint or pipe, or anything else to indicate that the Plaintiffs were doing anything illegal while on their employment break. Defendant SCHABER also indicates that the Plaintiffs were not exhibiting any threatening behavior. A copy of said report is attached hereto and made a part hereof and marked **Exhibit "A."**

15. Defendant SCHULZ arrived on the scene and both Defendants informed the Plaintiffs that they were detained for questioning and not free to leave. The Plaintiffs indicated that they did not believe they were detained, that they were simply walking back to their job after taking their break and that they had done nothing to warrant being detained by any of the Defendants.

16. Defendant EESLEY then arrived at which point the Defendant police officers advised the Plaintiffs that they were going to be handcuffed. Both Plaintiffs stated to the officers that they had no cause to detain them and that they were being targeted and profiled by the Brookfield Police Department as being two black males in a parking lot at night.

17. Plaintiffs kept advising the Defendant police officers that they were employed by the Brookfield Convention Center and simply wanted to go back to work. Defendant LOWE stated that this family was at the hotel waiting for him to get off of work.

18. Defendants SCHABER and SCHULZ initiated physical contact with Plaintiff

5

LOWE. When Defendant SCHABER grabbed Plaintiff LOWE, he instinctively tensed up as he suffers from PTSD due to a severe police beating several years ago. Defendant SCHABER took this as "resisting" and Defendant SCHULZ also began pulling LOWE's arms behind his back. LOWE cried in pain and asked them to stop.

19. Defendant FAULTSTITCH arrived at this time and with unnecessary and excessive force, threw LOWE down onto the concrete sidewalk, placed the handcuffs on and arrested him.

20. While this was occurring, BURTON was also being arrested without any evidence of a crime being committed. He was agitated and kept asking for an explanation as to why he was being arrested as he had done nothing criminal. He also advised the Defendant police officers that he was training to be a firefighter. Despite being unwilling to simply acquiescence without sufficient probable cause, he eventually ceded to Defendants SCHULZ and EESLEY and was handcuffed. At no time was BURTON physically aggressive toward the Defendant police officers, did not threaten the Defendant police officers in any way, and at no time were they in any sort of harm.

21. BURTON requested a supervisor be brought to the scene on several occasions, but Defendants ignored this request.

22. The Defendants never read the Plaintiffs their Miranda rights at any time during the incident or after they were handcuffed. The Defendants never requested any identification from the Plaintiffs.

23. An employee of the Hilton Garden Inn which abuts the Brookfield Convention Center, security guard Jeff Purnell, was interviewed by Defendant SCHULZ as to what he witnessed during the incident. Mr. Purnell stated that in his observation, Plaintiff BURTON **was**

6

**not resisting** arrest. (emphasis added)  He said both Plaintiffs appeared to be "afraid" and that even if LOWE did not immediately put his hands behind his back, LOWE always had his hands above his head.  He also stated he did not know why the Defendant police officers used force on LOWE to take him down to the ground.  He contradicted the Defendants' claims that the Plaintiffs were resisting arrest.   A copy of his written statement is attached hereto and made a part hereof and marked **Exhibit "B."**  Mr. Purnell is Caucasian, was also outside of the building at the same time as the Plaintiffs, yet was not detained due to the purported smell of marijuana.

24.     As a result of the excess force used against LOWE by Defendant FAULTSTICH, Plaintiff LOWE was found to have suffered a torn meniscus, which eventually resulted in surgery on his knee, physical therapy, loss of wages and pain and suffering.  Additionally, LOWE suffered emotional distress due to PTSD as this incident brought back his previous police beating from which he was awarded a monetary settlement against the City of Milwaukee.  Plaintiff LOWE continues to seek mental health therapy to deal with the trauma of this situation and the reoccurrence of PTSD from it.

25.     As a result of the unnecessary force used against BURTON, he suffered a soft tissue injury to his hand and his Achilles.  He also suffered emotional distress due to being unwarrantedly targeted, handcuffed and taken into custody despite not committing any crime except being Black in the City of Brookfield.

26.     The Defendants turned the Plaintiffs' workplace into a scene of intimidation and abuse.  The Defendants humiliated the Plaintiffs at their workplace without any cause to do so, causing them irreparable harm to their character and reputation.

27.     Both Plaintiffs had been excellent employees of the Brookfield Conference Center, which is owned by the City of Brookfield, and BURTON was in the process of applying

7

to become a firefighter in the City of Milwaukee. BURTON commences EMT classes on August 11th of this year. The Defendants' unwarranted and unlawful actions could have resulted in BURTON losing his lifelong dream of serving the community as a fire fighter/EMT.

28. After being handcuffed, both Plaintiffs were searched for contraband and nothing was found on either of them. Additionally, the vehicle the Plaintiffs had exited from prior to being confronted by the Defendant police officers was also searched. There was no marijuana found in the vehicle. None of the Defendant police officers saw any evidence at all that the Plaintiffs possessed marijuana, nor was smoking marijuana. There was no probable cause for the Plaintiffs' arrest except being Black in a parking lot in the evening hours of the overwhelming white City of Brookfield.

29. Plaintiffs were arrested by the Defendants, taken into custody, and booked at the Brookfield Police Department on charges of resisting arrest, obstructing. Despite the initial police report stating they sought a charge of marijuana possession, that charge was dropped since no marijuana was found anywhere at the scene.

30. Upon information and belief, the Hilton Garden Inn, via someone named "Hermann", reviewed all the footage from their video cameras which showed any portion of the event. After said review, Hermann contacted "Edmonds" at the Brookfield Police Department to express their displeasure on how the incident was handled by the Department. A copy of an email between Brookfield Police Patrol Sargent Sam Versnik and Brookfield Police Department employee Kevin David dated September 15, 2024 setting forth the exchange is attached hereto and made a part hereof and marked **Exhibit "C."**

31. Additionally, Carl J. Allen, General Manager of the Hilton Garden Inn, sent an email to the Chief of Police, James Adlam, asking for an explanation as to why the Defendants

8

were "physically mistreated by your officers." Attached hereto and made a part hereof and marked **Exhibit "D"** is a copy of this email.

32.     The District Attorney's Office, after reviewing the purported evidence, chose to not even bring charges against the Plaintiffs.

33.     Racial profiling is an ongoing issue in Wisconsin. It has been established in other federal cases with respect to, for instance, arresting African Americans as opposed to Caucasian individuals who perpetrate the same offense. In fact, from January 1, 1990 to November 17, 2023, felony arrests per 10,000 people for Caucasians in Wisconsin was approximately 75; felony arrests per 10,000 people for African Americans in Wisconsin was approximately 680.

34.     In the City of Brookfield, the ratio is even more alarming. Black individuals were 66.3% more likely to be arrested for low level, non-violent offenses than Caucasians, despite the very small African-American population in Brookfield.

> "**DISPARITIES IN ARRESTS FOR LOW LEVEL OFFENSES BY RACE/ETHNICITY**
> Black people were 66.3x more likely and Latinx people were 4.5x more likely to be arrested for low level, non-violent offenses than a white person." (*policescorecard.org/wi/police-department/brookfield.*)

The percentage of African Americans in Brookfield, Wisconsin is approximately 0.6% of the total population, according to the U.S. Census Bureau. Other sources provide slightly different figures, with Wikipedia indicating 0.83% and Census Reporter suggesting 1%. Data USA states that 1.49% of Brookfield's population is Black or African American. Yet, **66%** of arrests for non-violent, low level offenses (to wit: marijuana) are of African-Americans. This ratio should be alarming, and frankly embarrassing, to not only the general public, but the City of Brookfield.

9

35.     Racial profiling is contrary to the equal protection clause and the 4th and 14th Amendments to the United States Constitution because, as in this case, the arrest was not based on underlying facts and circumstances indicating probable cause.

36.     There was no probable cause to detain the Plaintiffs.  There was no evidence of marijuana possession or use.  The Plaintiffs repeatedly asked under why they were being arrested for walking in a parking lot after their work break was over.  The Plaintiffs were arrested by the Defendants without probable cause, without evidence, and based solely on their race.

37.     As a proximate cause for the allegations of the 4th and 14th Amendments and the equal protection clause of the 14th Amendment to the United States Constitution by the Defendants, Plaintiff suffered pain, suffering, humiliation and severe distress justifying an award of compensatory damages in an amount to be determined by the trier of fact.

38.     That the Plaintiffs being arrested was done maliciously and/or recklessly, and based on their race, justifying an award of punitive damages.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, as follows:

1.     An award of compensatory damages compensating them for their physical and mental injuries, both temporary and permanent, caused by the actions of said Defendants, including racial profiling;

2.     An award of punitive damages to be determined by the jury;

3.     An award of attorney's fees and costs pursuant to Section 42 USC 1988; and

4.     For any other relief this Court deems just and equitable.

10

**THE PLAINTIFFS DEMAND A TRIAL BY JURY**

Dated this 16th day of July, 2025

By:    *electronically signed by Walter W. Stern III*
Attorney Walter W. Stern III
Attorney for Plaintiffs
Bar No. 1014060
920 85th St., Suite 123
Kenosha WI 53143
Phone: (262) 880-0192/Fax: (262) 997-1101
Email: wwstern111@gmail.com

11

# Exhibit A



# City of Brookfield Police Department

Detail Report for Incident B24021736

|  |  |  |  |
|---|---|---|---|
| **Incident No.:** | B24021736 | **Partition:** | "BCPOFF |
| **Nature:** | DC | **Address:** | 265 S MOORLAND RD; @HILTON GARDEN INN |
| **Location:** | BCP Reporting Area #58 | | BROOKFIELD WI 53005 |

| | |
|---|---|
| **Offense Codes:** | Resisting/Obstructing w/Police Cont Subst/Possess Marijuana |
| **Received By:** CAMPBELL KN | **How Received:** Officer Report     **Agency:** BCP |
| **Responding Officers:** | SCHABER JAB EESLEY GRB SCHULZ BPB HANDEL DMB FAULSTICH ME VERSNIK SC RIVIERE CAB |
| **Responsible Officer:** | SCHABER JAB |
| **Disposition:** | Cleared by Adult Arrest 09/14/24 |
| **When Reported:** 01:39:37 09/14/24 | **Occurred Between:** 01:39:00 09/14/24 and 05:10:00 09/14/24 |

| | | | |
|---|---|---|---|
| **Assigned To:** SCHABER JAB | **Detail:** LS | **Date Assigned:** 09/15/24 |
| **Status:** CLO | **Status Date:** 09/21/24 | **Due Date:** **/**/** |

**INVOLVMENT LIST:**

| Type: | Record #: | Description: | Date: | Relationship: |
|---|---|---|---|---|
| VH | 602184 | BLK 2010 AUDI Q5 WI | 09/14/24 | SUSPECT VEHICLE |
| NM | 1712733 | BURTON, TRAYVOND DARRELL | 09/14/24 | DEFENDANT |
| NM | 1759146 | HILTON GARDEN INN, | 09/14/24 | INCIDENT LOCATION |
| NM | 1919499 | LOWE, DEMETRIOUS DARRELL | 09/14/24 | DEFENDANT |
| NM | 1919572 | PURNELL, JEFF J | 09/14/24 | WITNESS |
| PR | 311878 | Marijuana 0 | 09/14/24 | PROPERTY |
| OF | 476383 | RESIST OR OBSTRUCT OFFICER | 09/14/24 | CHARGED WITH |
| OF | 476385 | RESIST OR OBSTRUCT OFFICER | 09/14/24 | CHARGED WITH |
| CA | 240910642 | 01:39:37 09/14/24 DC | 09/14/24 | INITIATING CALL |

| | | | | | | |
|---|---|---|---|---|---|---|
| SCHABER JAB | LS | 09/15/24 | ASN | 09/15/24 | **/**/** |

**CIRCUMSTANCES:**

    LT18 Parking Lot or Garage

    BM88 No Bias

**WITNESSES:**

**Name:** PURNELL, JEFF J.     **Name Number:** 1919572     **Relationship:** WITNESS

11/11/24

**OTHERS INVOLVED:**

**Name:** BURTON, TRAYVOND D.          **Name Number:** 1712733          **Relationship:** DEFENDANT

**Race:** B          **Sex:** M          **DOB:** 08/10/94  **Hght:** 5'10"          **Weight:** 175          **Hair:** BRO          **Eyes:** BRO

**Address:** 3115 W JUNEAU AV, MILWAUKEE, WI 53208
**Main Phone:** (414)206-0068          **Work Phone:** ( ) -
**Employer:** HILTON GARDEN INN          **Emp. Phone:** ( ) -
**Comments:**

---

**Name:** HILTON GARDEN INN          **Name Number:** 1759146          **Relationship:** INCIDENT LOCATION

**Race:**          **Sex:**          **DOB:** **/**/**  **Hght:** ' "          **Weight:** 0          **Hair:**          **Eyes:**

**Address:** 265 S MOORLAND RD, BROOKFIELD, WI 53005
**Main Phone:** (262)330-0800          **Work Phone:** (262)330-0800
**Employer:**          **Emp. Phone:**
**Comments:**

---

**Name:** LOWE, DEMETRIOUS D.          **Name Number:** 1919499          **Relationship:** DEFENDANT

**Race:** B          **Sex:** M          **DOB:** 10/01/92  **Hght:** 6'00"          **Weight:** 355          **Hair:** BLK          **Eyes:** BRO

**Address:** 7849 60TH ST; UNIT A, MILWAUKEE, WI 53223
**Main Phone:** (414)628-2535          **Work Phone:** ( ) -
**Employer:** HILTON GARDEN          **Emp. Phone:** (262)330-0800
**Comments:**

---

**PROPERTY INFORMATION:**

**Item Type:** Marijuana          **Property Number:** 311878

**Item/Brand:**          **Model:**
**Serial Number:**          **Color:** /
**Characteristics:**
**Quantity:**          **Meas:**          **Total Value:** 0
**Owner:** , ,
**Comments:**

---

**VEHICLE INFORMATION:**

**Owner:** 1919569 REYNOLDS, DERRICK A. ████████████

-

**Relationship:** SUSPECT VEHICLE
**Vehicle Number:** 602184          **License Plate:** W8333A
**VIN:** WA1CKAFP2AA051894          **State:** WI          **Expires:** **/**/**

11/11/24

**Year:** 2010   **/Make:** AUDI   **Model:** Q5   **Type:** SUV   **Color:** BLK/   **Doors:** 4

**Value:** 0                         **Characteristics:**

**Comments:**

11/11/24

**NARRATIVE:**
Main Narrative Report

City of Brookfield Police Department

IR #:                B24021736

Nature:              Disorderly Conduct

Location             Hilton Garden Inn
                     265 S. Moorland Road
                     Brookfield, WI 53005

Date/Time of IR:     09/14/2024 at 0139 hours        Date of report: 09/14/2024

Officer/ID #:        Officer Joshua SCHABER #1390    Typist: lab

Related IR#:         N/A


Brief summary of incident:

On Saturday, September 14, 2024, at 0139 hours, I, Officer Joshua SCHABER, while
on routine patrol, was patrolling the parking lot of the Hilton Garden Inn
located at 265 S. Moorland Road in the City of Brookfield, Waukesha County,
State of Wisconsin.  While patrolling the parking lot, I smelled the strong
unmistakable odor of marijuana.  I located an occupied black SUV in the parking
lot which I believed the odor to be coming from.  I circled the parking lot
three times and confirmed no other individuals were in the parking lot.  Upon
attempting contact, two individuals immediately exited the vehicle and walked
away from me.  The individuals were later identified as Demetrious D. LOWE (M/B,
DOB: 10/01/1992) and Trayvond D. BURTON (M/B, DOB: 08/10/1994).  Officers
attempted to detain LOWE and BURTON who actively resisted officers.  LOWE was
decentralized to the ground and BURTON was stabilized against the wall multiple
times. Once at the police department, BURTON refused to work with the booking
procedures and was turned over to Waukesha County Jail.  LOWE was booked and
released from the City of Brookfield Police Department.

This case has been cleared by Officer SCHABER with an adult arrest.


Charges Section:

Full name:           Demetrious Darrell LOWE
Court Jurisdiction:  Waukesha County Circuit Court
Statute/Ord. #:      946.41 (1)
Violation:           Resist/Obstruct an Officer

Full name:           Trayvond Darrell BURTON
Court Jurisdiction:  Waukesha County Circuit Court
Statute/Ord. #:      946.41 (1)
Violation:           Resist/Obstruct an Officer


Investigation/Narrative:

On Saturday, September 14, 2024, at 0139 hours, I, Officer Joshua SCHABER, while
on routine patrol in a marked squad car, was patrolling the south, rear parking
lot of the Hilton Garden Inn located at 265 S. Moorland Road in the City of
Brookfield, Waukesha County, State of Wisconsin.

11/11/24

While patrolling the parking lot, I smelled a strong, unmistakable odor of marijuana, based on my training and experience. I observed an occupied black SUV in the parking lot. I observed a male/black wearing an orange hat sitting in the driver's seat of the vehicle with the driver's door open. I circled the parking lot three times and I confirmed there were no other individuals in the parking lot.

I approached the vehicle and I conducted a field investigation stop. Upon exiting my vehicle, the subject in the driver's seat of the vehicle and a second subject, in the passenger seat of the vehicle, immediately exited the vehicle and began to walk toward the Brookfield Conference Center located at the same address. I announced my presence and called for both of the subjects to turn around an come back to the vehicle so I could talk to them. Both individuals would not come back and would not stop after I made multiple requests. Base on my training and experience, I noticed this behavior to be passive resistance. Passive resistance is non-threatening and non-compliant behavior.

Officer Brandon SCHULZ arrived on scene and he joined me in attempting to have the subjects turn around so we could talk to them. We informed the subject they were detained for questioning and were not free to go to which the subjects stated they were not detained and could leave any time they wanted to. The subjects were later identified as Demetrious D. LOWE (M/B, DOB: 10/01/1992) who was sitting in the passenger seat of the vehicle and Trayvond D. BURTON (M/B, DOB: 08/10/1994) who was the driver.

Officer Gabriel EESLEY arrived on scene and we informed LOWE and BURTON that they were going to be detained and placed in handcuffs. Both LOWE and BURTON stated they were not going to go in handcuffs. Officer SCHULZ and I initiated physical contact with LOWE in order to place his hands behind his back and put handcuffs on him. I attempted to take control of LOWE's right arm in order to place it behind his back to be handcuffed. I felt LOWE's right arm tense up, which I recognized to be resistive tension. Resistive tension is defined as the level of agitation in a subject's body. LOWE began to attempt to pull his arms away from Officer SCHULZ and I. I recognized this as active resistance. Active resistance is defined as behavior which physically counteracts an officer's control efforts and which creates a risk of bodily harm to officers, subject, and/or other persons. Due to LOWE actively resisting, Officer SCHULZ was forced to attempt to pull LOWE's arms behind his back.

Officer Max FAULSTICH arrived on scene and decentralized LOWE to the ground. See Officer FAULSTICH's supplemental report for further details. After LOWE had been decentralized to the ground, I hand cuffed LOWE's wrists behind his back using two sets of handcuffs.

I assisted LOWE to a standing position. I escorted LOWE to the passenger compartment of my squad car were he was searched incident to arrest by Officer FAULSTICH, finding nothing of evidentiary value. Once the search was complete, LOWE was seated in the upright position in the rear passenger compartment of my squad car and seat belted. I asked LOWE if he was injured and if he needed medical attention. LOWE advised he did want to be assessed by the City of Brookfield Fire Department.

The City of Brookfield Fire Department arrived on scene and assessed LOWE. LOWE stated he did not want to be transported to the hospital.

Officer Derek HANDEL and I searched the suspect vehicle which yielded negative results for contraband. Officer HANDEL advised me he found a pipe which did not have any marijuana residue on it. I found two empty wrappers of a cigar-type

11/11/24

wrapper.  The wrapper had marijuana leaves on the packaging.  The two empty
white and gold cigar wrappers.  The wrapper had a marijuana leaf design on it.
I smelled the empty wrapper which did have the strong odor of marijuana emitting
from it.  No marijuana was found inside the vehicle.

I transported LOWE to the City of Brookfield Police Department.  Once at the
City of Brookfield Police Department, Officer HANDEL and I escorted LOWE into
the police department where a custodial searched was conducted finding nothing
of evidentiary value.  LOWE was escorted into the booking room where he was
booked and his fingerprints and photos were taken.  A copy of LOWE's fingerprint
card is included with this report.

While in the booking room, BURTON informed officers that he would not allow
officers to fingerprint or photograph him and he would not go along with the
booking process.  BURTON was informed that if he did not go along with the
booking process he would be transported to the Waukesha County Jail where he
would be held.  BURTON informed officers he wanted to go to the jail.  BURTON
was held on one state charge of resist/obstruct an officer.

LOWE was booked and released from the City of Brookfield Police Department with
a state charge of resist/obstruct an officer.

My department issued Taser Axon body camera was activated when applicable during
this incident.

This case has been cleared by Officer SCHABER with an adult arrest.


Written statements obtained/attached:  N/A

Security reports obtained/attached:  N/A

Evidence collected:  N/A

Incident Disposition:  This case has been cleared by Officer SCHABER with an
adult arrest.

11/11/24

**SUPPLEMENTAL NARRATIVE :**
**Supplement number:** 1
**Name:** SCHULZ BPB
**Date:** 05:28:07 09/16/24
Supplement #1

City of Brookfield Police Department

IR #:                B24021736

Nature:              Disorderly Conduct

Location             Hilton Garden Inn
                     265 S. Moorland Road
                     Brookfield, WI 53005

Date/Time of IR:     09/14/2024 at 0139 hours       Date of report: 09/16/2024

Officer/ID #:        Officer Brandon SCHULZ #1392   Typist: lab

Principals:

    Witness:         Jeff J. PURNELL █████████████
                     ████████████████████████████
                     ████████████████████████████


Brief summary of incident:

On Saturday, September 14, 2024, at 0139 hours, I, Officer Brandon SCHULZ,
responded to the Hilton Garden Inn located at 265 S. Moorland Road in the City
of Brookfield, Waukesha County, State of Wisconsin, to back up Officer Joshua
SCHABER on a field investigation stop.

Upon my arrival, I detected the strong, unmistakable odor of marijuana emanating
from the vehicle in question, a black SUV. I observed Officer SCHABER speaking
with two subjects outside of the vehicle approximately two hundred feet away.
Officer SCHABER advised that he observed both subjects sitting in the vehicle
which had the odor of marijuana emanating from inside and observed both subjects
exit the vehicle and start walking away once they saw his marked City of
Brookfield squad car. Both subjects, later identified as Demetrious D. LOWE
(M/B, DOB: 10/01/1992) and Trayvond D. BURTON (M/B, DOB: 08/10/1994) became
argumentative and continued to ignore myself and Officer SCHABER's commands.
Due to their behavior, LOWE and BURTON were attempted to be detained in
handcuffs. While doing so, BURTON became resistive, pulling away from me,
forcing me to stabilize him against a nearby wall to place him in handcuffs.
LOWE also became resistive and was decentralized to the ground where he was
subsequently taken into custody. I conducted a search of the vehicle with
nothing of evidentiary value being located.

No further action taken by this officer, refer to case officer's status.


Charges Section:   N/A


Investigation/Narrative:

11/11/24

On Saturday, September 14, 2024, at 0139 hours, I, Officer Brandon SCHULZ, responded to the Hilton Garden Inn located at 265 S. Moorland Road in the City of Brookfield, Waukesha County, State of Wisconsin, to assist Officer Joshua SCHABER on a field investigation stop. Officer SCHABER advised he was out with a black SUV in the rear of the Hilton Garden Inn with a male occupant.

Upon my arrival to the area, I observed Officer SCHABER's marked City of Brookfield squad car parked off to the side but in front of the suspect vehicle, which he called out over the radio. I did not see Officer SCHABER in his squad car or up at the suspect vehicle and I did not see any occupants inside of the suspect vehicle. Upon exiting my marked City of Brookfield squad car, I could immediately smell the unmistakable odor of marijuana. There were no other vehicles in our immediate area and upon approaching the black SUV, I could detect that the odor of marijuana was emanating from inside the vehicle in question, due to the sun roof being open on the vehicle. This is when I observed Officer SCHABER approximately two hundred feet away from the vehicle talking with two subjects.

I could hear and see that both subjects, later identified as Demetrious D. LOWE (M/B, DOB: 10/01/1992) and Trayvond D. BURTON (M/B, DOB: 08/10/1994), were uncooperative and argumentative as they were walking away from Officer SCHABER arguing about the validity of his contact with them. I attempted to explain to LOWE and BURTON why Officer SCHABER stopped out with them stating that their car was emanating the odor of marijuana which is illegal in the State of Wisconsin. I once again tried to explain to LOWE and BURTON that based on our training and experience, Officer SCHABER and I could detect the odor of marijuana emanating from the inside of the vehicle that Officer SCHABER observed both LOWE and BURTON exit. Due to LOWE's and BURTON's increasing level of agitation and their uncooperative behavior, I requested two more squads for additional back up.

While attempting to speak and reason with BURTON, I observed excessive emotional attention and exaggerated movement as he was unable to stand still, walking back and fourth, flaring his arms into the air and becoming extremely aggressive and argumentative, both of which are early warning signs. Early warning signs are signals or certain behaviors provided by the subject that are often associated with a high level of danger to officers.

BURTON stated that he was having a cordial conversation with us because legally he does not have to talk with us. I informed BURTON that was incorrect and both him and LOWE were detained. After being told they were being detained, BURTON became more argumentative stating, "You're detaining me, taking me to jail? What the fuck is you talking about? You're not putting no cuff on me." Officer SCHABER asked both LOWE and BURTON if they would provide their name which they both stated, "I don't have to give you that."

Due to both subjects' level of agitation continuing to rise, I requested the backup squads to respond in emergent fashion. At this time, based on LOWE's and BURTON's behavior I knew that both would be detained in handcuffs for the remainder of the investigation for their safety and the safety of officers on scene. Due to Officer SCHABER and I still being the only officers on scene, I continued to talk with LOWE and BURTON and answer their questions while waiting for backup to arrive. I recognized that no progress was being made in the investigation which is laid out in the DONE acronym inside of the DAAT model, so I continued to speak with LOWE and BURTON until additional officers arrived on scene to assist with detaining both subjects.

Officer Gabriel EESLEY arrived on scene to assist. I informed LOWE and BURTON that based on their behavior and the early warning signs they were displaying, they were going to be detained in handcuffs for the investigation. As soon as I

11/11/24

explained that to LOWE and BURTON, they both began backing up stating such
things as, "wait, wait" and "for what though?" Since BURTON was walking away
from me after being told he was going to be detained in handcuffs, I recognized
this as passive resistance. Passive resistance is non-threatening and
non-compliant behavior. To overcome BURTON's passive resistance, I blanketed
BURTON's right arm to safely initiate physical contact with him. I instructed
BURTON multiple times to place his hands behind his back again causing him to
say, "For what?" Upon making physical contact with BURTON, I could feel BURTON's
resistive tension within his body. Resistive tension is the level of agitation
in a subject's body.

While communicating to dispatch via my portable radio that both subjects were
resisting, BURTON attempted to break my grip on his wrist by lifting his right
arm up and toward the center of his body. I again ordered BURTON to place his
hands behind his back again causing him to state, "For what though? For what
though?" BURTON was not allowing me to grab his left arm to place it behind his
back as every time I reached for it he would pull it towards the front of his
body away from my hand.

Officer EESLEY, who was assisting Officer SCHABER with attempting to detain
LOWE, observed that I was struggling with BURTON and came to assist me. Officer
EESLEY blanketed BURTON's right arm so I could attempt to blanket BURTON's left
arm. When I attempted to blanket BURTON's left arm, he once again pulled his
arm toward the front of his body and flicking his wrist down to avoid my hand. I
was able to place BURTON's left arm behind his back as Officer EESLEY had
control of his right arm. BURTON broke my grip on his left arm by pulling his
arm toward the side and then out in front of him away from me. I was able to
quickly re-initiate physical contact where due to BURTON's active resistance he
was stabilized against a nearby wall. Active resistance is behavior which
physically counteracts an officer's control efforts and which creates risk of
bodily harm to officer, subject, and/or other person. I was finally able to
place a set of handcuffs on BURTON's wrists behind his back.

Once BURTON was detained in handcuffs, I went to assist Officer SCHABER with
detaining LOWE. I instructed LOWE to turn around and place his hands behind his
back to which he stated, "Hey, hey, hey, you can't do this to me, you can't do
this to me." I blanketed LOWE's left arm while Officer SCHABER blanketed LOWE's
right arm in an attempt to safely initiate physical contact with him. Upon
blanketing LOWE's arm, I could feel the resistive tension LOWE was displaying.
Resistive tension is the level of agitation in a subject's body. While
attempting to place LOWE's left arm behind his back, I could feel that LOWE was
pulling his arm away from me toward the center of his chest. LOWE continued to
resist my efforts in placing his left arm behind his back. I recognized this as
active resistance. Active resistance is behavior which physically counteracts
an officer's control efforts and which creates risk of bodily harm to officer,
subject, and/or other person. Shortly after, Officer Max FAULSTICH arrived on
scene. Officer FAULSTICH was able to decentralize LOWE to overcome his active
resistance.

Once on the ground, I observed Officer SCHABER and Officer FAULSTICH attempt to
roll LOWE onto his stomach to place him in handcuffs behind his back. LOWE was
not cooperating and was still stating, "I didn't do anything." I recognized
this to be continued resistance. Continued resistance is maintaining a level of
counteractive behavior that is not controlled by an officer's current control
efforts. To overcome LOWE's continued resistance, I drew my department issued
Taser X26P and activated it. I ordered LOWE that if he did not place his hands
behind his back he would be "tased." Officer FAULSTICH and Officer SCHABER were
able to take LOWE into custody without further incident.

11/11/24

I advised both LOWE and BURTON they were now under arrest for resisting.  I asked BURTON where the keys for the vehicle were so I could conduct a probable cause search of the vehicle.  BURTON stated, "Well find the keys, I don't know where they are."  It was later discovered that the keys for the vehicle were in BURTON's pocket which unlocked the vehicle in question.  I conducted a probable cause search of the vehicle with nothing of evidentiary value being located.

On September 15, 2024, I responded back to the Hilton Garden Inn to gather a statement from ███████████ Jeff J. PURNELL ██████████████ who was ███████ and observed the incident.  I made contact with PURNELL and asked if he would be willing to provide a statement to which he stated 'yes'.  PURNELL stated that on the incident date and time he was conducting an exterior perimeter check of the Hilton Garden Inn when he observed officers speaking with both defendants in the back of the hotel.  PURNELL stated he heard officers ask both defendants multiple times to return to their vehicle for further investigation and both defendants not following officers' directions.  PURNELL stated he observed both defendants not cooperating with the investigation and being argumentative.  When officers attempted to detain both subjects in handcuffs, PURNELL stated he did not observe BURTON physically resist being taken into custody and did not see LOWE being taken into custody as he was watching BURTON.

I asked PURNELL if he knew what the odor of marijuana smelled like to which he stated, "It has been a long time but the suspect vehicle had a 'weird smell' coming from it." PURNELL could not describe the smell but stated it was a familiar smell and he has, "smelled it on other employees in the past".  PURNELL had no further information to add regarding the incident.

PURNELL wrote a report regarding this incident. PURNELL texted a photo of the report to my squad cell phone, Squad 36. I e-mailed the photo to my department e-mail, where I printed it off. A copy of PURNELL's report will be included in this report.

On September 16, 2024, I spoke with Hilton Garden Inn staff regarding obtaining video surveillance of the incident. Staff stated managers are the only people with access to the cameras and to come back during regular business hours. Follow up will be requested by Day Watch officers to obtain video surveillance.

No further action taken by this officer, refer to case officer's status.

My department issued Taser Axon body camera was activated when applicable during this incident.


Written statements obtained/attached:  N/A

Security reports obtained/attached:  N/A

Evidence collected:  N/A

Incident Disposition:  No further action taken by this officer, refer to case officer's status.

11/11/24

**SUPPLEMENTAL NARRATIVE :**
**Supplement number:**  2
**Name:**  EESLEY GRB
**Date:**  06:08:26 09/16/24
Supplement #2

City of Brookfield Police Department

IR #:                 B24021736

Nature:               Disorderly Conduct

Location              Hilton Garden Inn
                      265 S. Moorland Road
                      Brookfield, WI 53005

Date/Time of IR:  09/14/2024 at 0139 hours       Date of report: 09/14/2024

Officer/ID #:     Officer Gabriel EESLEY #1375    Typist: lab

Principals:       N/A


Brief summary of incident:

On Saturday, September 14, 2024, at 0139 hours, I, Officer Gabriel EESLEY,
responded to the report of disorderly subjects at the Hilton Garden Inn located
at 265 S. Moorland Road in the City of Brookfield, Waukesha County, State of
Wisconsin.

Upon my arrival on scene, I assisted in taking two suspects into custody.
Trayvond D. BURTON (M/B, DOB: 08/10/1994) remained in my custody for the rest of
the call until he was turned over Waukesha County Jail staff without incident.

No further action taken by this officer, refer to case officer's status.


Charges Section:   N/A


Investigation/Narrative:

On Saturday, September 14, 2024, at 0147 hours, I, Officer Gabriel EESLEY,
responded to the report of disorderly subjects at the Hilton Garden Inn located
at 265 S. Moorland Road in the City of Brookfield, Waukesha County, State of
Wisconsin.

Upon my arrival on scene, Officer Joshua SCHABER and Officer Brandon SCHULZ were
out with two suspects on the back side of the hotel.  Upon stepping out of my
squad car, I was able to hear the officers and the suspects arguing.  Once I
approached officers, the suspects were notified that they were going to be
placed in handcuffs.  At this point, Officer SCHABER attempted to place
Demetrious D. LOWE (M/B, DOB: 10/01/1992) into handcuffs while Officer SCHULZ
was attempting to handcuff Trayvond D. BURTON (M/B, DOB: 08/10/1994).  Due to
the size of LOWE, I attempted to assist Officer SCHABER in placing him in
handcuffs.  During this time LOWE began to say BURTON's name and I could hear
BURTON becoming upset behind me.  At this time, I disengaged from LOWE to assist
Officer SCHULZ with taking BURTON into custody.  As I safely initiated contact
with BURTON, I was able to feel the muscles in his right arm were tense.  I
recognized the resistance in his arm as resistive tension.  Resistive tension is

11/11/24

the level of agitation in a subject's body. Shorty after blanketing BURTON's right arm, I was able to overcome his resistance and place BURTON's right arm behind his back so that he could be handcuffed by Officer SCHULZ.

Once BURTON was in handcuffs, I maintained custody of him as LOWE was taken into custody. Once BURTON was determined to be under arrest, I conducted a search incident to arrest of his person. During the search of BURTON, no contraband was found; however, the keys to the black Audi were in his pocket.

Throughout the investigation, BURTON stated it was not his vehicle and that he just used it. BURTON had a key fob in order to enter the hotel for work on the Audi key ring. After concluding the search incident to arrest, BURTON was transported to the back of my squad car where he was placed in the upright seated position in the rear passenger seat. Prior to transporting BURTON, he was complaining of pain in his hand and Achilles tendon. The City of Brookfield Fire Department was requested to respond and did not transport BURTON.

I transported BURTON to the City of Brookfield Police Department in order to conduct the booking process. After escorting BURTON into the booking room, I conducted a secondary search of BURTON yielding no contraband. After the search was concluded, I attempted to begin the booking process when BURTON refused to cooperate.

Due to BURTON refusing to cooperate during the booking process, I transported BURTON to the Waukesha County Jail where he was turned over to jail staff without incident. BURTON was also seen by the Jail medical staff prior to being admitted to the Jail, but no medical clearance was required.

For further information regarding this incident, please see all associated reports.

My department issued Taser Axon body camera was activated when applicable during this incident.

No further action taken by this officer, refer to case officer's status.


Written statements obtained/attached: N/A

Security reports obtained/attached: N/A

Evidence collected: N/A

Incident Disposition: No further action taken by this officer, refer to case officer's status.

11/11/24

**SUPPLEMENTAL NARRATIVE :**
**Supplement number:**  3
**Name:**  FAULSTICH ME
**Date:**  12:29:03 09/16/24
Supplement # 3

City of Brookfield Police Department

IR #:              B24021736

Nature:           Disorderly Conduct

Location:         Hilton Garden Inn
                  265 S. Moorland Road
                  Brookfield, WI 53005

Date/Time of IR: 09/14/2024 @ 0139 Hours          Date of report: 09/14/2024

Officer/ID #:    Officer Max FAULSTICH/1220          Typist: EZ

Principals: N/A


Brief summary of incident:

On Saturday, 09/14/2024, at approximately 0139 hours, I, Officer Max FAULSTICH,
responded to 265 S. Moorland Road, located in the City of Brookfield, Waukesha
County, State of Wisconsin, to assist Officer Joshua SCHABER with an FI stop.
Upon arrival, I assisted with taking a subject, later identified as Demetrious
D. LOWE (M/B, DOB: 10/01/1992), into custody.  I assisted in the investigation
with booking and a transport to the Waukesha County Jail of a second subject,
identified as Trayvond D. BURTON (M/B, DOB: 08/10/1994).


Charges Section: N/A


Investigation/Narrative:

On Saturday, 09/14/2024, at approximately 0139 hours, I, Officer Max FAULSTICH,
responded to 265 S. Moorland Road, located in the City of Brookfield, Waukesha
County, State of Wisconsin, due to the request of officers on scene requesting
assistance with uncooperative subjects on an FI stop. Upon arrival at the Hilton
Garden Inn, I responded to the rear of the building, by the garbage dumpsters.
As I exited my patrol squad, I could hear officers giving heavy verbal commands.
I heard Officer SCHABER ordering a subject later identified as Demetrious D.
LOWE (M/B, DOB: 10/01/1992) to put his hands behind his back.  I also heard
Officer Brandon SCHULZ verbally ordering LOWE to put his hands behind his back.
As I approached, I observed all subjects coming into view from behind a line of
bushes.  I observed Officer SCHULZ and Officer SCHABER using the wall of the
building to stabilize LOWE.  I observed Officer SCHABER on the right side of
LOWE, attempting to pull his right hand behind his back.  I observed Officer
SCHULZ on LOWE's left hand, attempting to pull it behind his back.  I observed
LOWE continue to actively resist by pulling his arms and his hands to his
center away from Officer SCHULZ and Officer SCHABER.  Officers were unable to
secure LOWE, the continued resistance forced me to have to secure LOWE'S head
from the rear and direct him to the ground, controlling his rate of descent.
Once on the ground, Officer SCHABER assisted with gaining control of LOWE's
hands and placing handcuffs on him.  I assisted LOWE to his feet, escorted him
to Officer SCHABER's patrol squad, and performed a search incident to arrest for

11/11/24

weapons and contraband. LOWE was advised that he was under arrest at this time
for Resisting. LOWE was verbally identified by Officer SCHABER at this time.
The second subject was identified by officers as Trayvond D. BURTON (M/B, DOB:
08/10/1994). While secured in the rear seat of Officer SCHABER's car, I asked
LOWE if he had any physical injuries.  LOWE complained about injuries to his
knees and elbows.  City of Brookfield EMS personnel responded to the scene and
conducted a medical evaluation of LOWE and BURTON.  At the completion of the
City of Brookfield Fire evaluations, both LOWE and BURTON were transported to
the City of Brookfield Police Department for booking.

Upon arrival at the City of Brookfield Police Department booking room, BURTON
advised that he refused to cooperate with fingerprinting, photos, and any part
of our booking process.  After I explained to BURTON if he refused he would need
to be transported to the Waukesha County Jail to be booked, BURTON stated that
he understood and continued to refuse.  Officer Gabriel EESLEY transported and I
assisted with the transport of BURTON to the Waukesha County Jail, where he was
held on one count of Resisting / Obstructing, with a bail amount of $300.00.
BURTON was turned over to Waukesha County jail staff without incident.  At this
point, I had no further involvement in this incident.


Written statements obtained/attached: N/A

Security reports obtained/attached: N/A

Evidence collected: N/A

Incident Disposition: This case was cleared by Officer SCHABER with an adult
arrest.

11/11/24

# Exhibit B

## Incident Report regarding Brookfield Police and employees of Hilton Garden, Brookfield

This report is being submitted by Security Specialist Jeff Purnell,

On Saturday September 14, 2024 at approximately, 0145, while a engaged in a patrol of the exterior of the premises, I came to loading dock area of the Conference Center, where I observed 2 Police officers interviewing two employees of the Conference Center. The two employees were Trevon and Meachie (set up workers).

Brookfield Police Officer B. Schulz and his Partner were speaking to Trevon and Meachie by the loading dock area, saying that they smelled marijuana coming from the car (black Audi SUV Lic. Wis. MV 2134C Dealer).

The Officers, while interviewing Meachie and Trevon, asked and directed them both approximately two to three times to come to the car for questioning and to search the vehicle. Trevon and Meachie would not comply to going over the vehicle as asked and directed by the officers. At this point Officer Schulz stated that they were under arrest. As I observed the officer's putting Trevon into handcuffs without resistance by Trevon, other officers "took Meachie" to the ground, I do not know why they did that, as I was focused on them putting Trevon in handcuffs. I did see and hear that when officers instruct Meachie to put his hands behind his back, he did not but held them in the air. I do not know who took Meachie to the ground as there were additional officers on scene when arrests were occurring.

Upon searching Trevon, they obtained car key, and the auto was searched by officers, and nothing was located.

Meachie, while sitting on the ground, exclaimed that he was hurt asking why are you doing this to me to the Officers. The Officers stood Meachie up and medical assistance responded, tended to Meachie and then he was taken to a to a squad car. Trevon was taken to a different car.

Meachie returned to the Hotel at 0430 and advised me that he was arrested, Arrest at 0234 Report #B24021736 9/14/24. I, Agent Purnell left a note with conference center management office and explained incident Noah Simchak.I also made notification to the night auditor Melissa of the incident, so that Hilton Garden Hotel management was aware of the situation.

# Exhibit C

 **Outlook**

## Fw: I'm Tapping Out and Tagging You In

**From** Samuel Versnik <versnik@ci.brookfield.wi.us>
**Date** Mon 11/4/2024 12:46 PM
**To** Antonio Hudson <hudson@ci.brookfield.wi.us>

📎 2 attachments (747 KB)
2024 ANNUAL PHYSICAL FORM.pdf; 2024 COMPENDIUM RECEIPT ACKNOWLEDGEMENT.pdf;

Here is the entire email sent to LT David

Sam Versnik
City of Brookfield Police Department
Patrol Sergeant - 3rd Shift
2100 N Calhoun Rd
Brookfield, WI 53005
Main: 262-787-3702
Desk: 262-787-3624



---

**From:** Samuel Versnik <versnik@ci.brookfield.wi.us>
**Sent:** Sunday, September 15, 2024 05:47
**To:** Kevin David <david@ci.brookfield.wi.us>
**Subject:** I'm Tapping Out and Tagging You In

LTKDD,

Just wanted to touch base as I won't be back until October 1st and at that time I will be a married man.

-I took a comp day for tonight as opposed to a sick day. I am soft and wanted to avoid any conversations when I get back.

-As you saw the email, we had a UOF the other night (B24021736). It was a good discussion for FI vs consensual contact and the DAAT continuum to use force.
-It was a good job by Schaber on the initial contact, a good job by Schulz stepping in and explaining the situation, and a great job by Max on the decentralization.

-I took care of all the UOF and Taser paperwork. It's in the Supervisor Review folder in the S drive. Can you please double check my work and sign off on them.

-Krueger should be able to assist with the DAAT portions of the reports when you are reviewing them.

-Both subjects claimed injuries from the UOF. The FD checked them out on scene and deemed they weren't injured. There were no visible injuries. I told our guys to still take photos of the "injuries" which they forgot to do. That could be the only blow back we get on the case. Otherwise, we should be good.

-Herrmann called Edmonds on Saturday and advised the head of a security company at the Brookfield Conference Center was upset how everything played out. Supposedly the head of security is Captain Baumann from WKPD???? I have no idea how Herrmann got involved. I have no idea why he called Jeff. I have no idea how legit any of this is because the guys we arrested weren't even security. Just wanted you to have some insight before it gets blown more out of proportion. Jeff can fill you in more tonight.

-Case management is all caught up. The only thing hanging out there is B24021204. Kevin just dictated his supp since he's been gone at training. Its for his Taser display. Other than that, every other case are blood draws or just recently occurred.

-Body cams are all caught up.

-I've attached the 2024 Compendium acknowledgement everyone needs to sign. Not sure how you want to do it. I know DW bosses are passing them out in roll call and collecting them.

-I also attached the 2024 physical form that can be distributed. I know guys usually forget to get it done.

That should be it. It's been a little steady but nothing crazy. I will be local all next week. Wedding is on Saturday. Then I will be in Punta Cana from the 23rd to the 30th. I probably won't be checking my email. But please text me or call me if you need anything.

That is all. And as always, remember to "PDF it"

Sam Versnik
City of Brookfield Police Department
Patrol Sergeant - 3rd Shift
2100 N Calhoun Rd
Brookfield, WI 53005
Main: 262-787-3702



# Exhibit D

 Outlook

---

## FW: Employee Officer Incident

---

**From** James Adlam <adlam@ci.brookfield.wi.us>
**Date** Mon 11/4/2024 2:56 PM
**To**  Antonio Hudson <hudson@ci.brookfield.wi.us>


James P. Adlam
Chief of Police
City of Brookfield Police Department
2100 N. Calhoun Road
Brookfield, WI 53005
Office 262 787-3613



---

**From:** James Adlam <adlam@ci.brookfield.wi.us>
**Sent:** Tuesday, September 17, 2024 12:02 PM
**To:** Anthony Gatlin <gatlin@ci.brookfield.wi.us>
**Subject:** FW: Employee Officer Incident


James P. Adlam
Chief of Police
City of Brookfield Police Department
2100 N. Calhoun Road
Brookfield, WI 53005
Office 262 787-3613



**From:** Allen, Carl <CAllen@ncghospitality.com>
**Sent:** Tuesday, September 17, 2024 10:59 AM
**To:** James Adlam <adlam@ci.brookfield.wi.us>
**Subject:** RE: Employee Officer Incident

> **EXTERNAL EMAIL:** Do not click links or open attachments unless you know the content is safe.

Good Morning Chief;

I am in the office on property until three today.

My Cell phone number is █████████

Thank You



**Carl J. Allen | General Manager**
Hilton Garden Inn & Conference Center Brookfield |
265 South Moorland Road | Brookfield Wi. 53005 |
P: 2623300800 | C:█████████
callen@ncghotels.com | www.ncghotels.com
**Connect. Collaborate. Celebrate.**

### Flexibility you'll love.  Careers that inspire. Hotels you trust. | ncgcareers.com

**CONFIDENTIALITY NOTICE:** This e-mail, including any attachments, may contain confidential, privileged and/or proprietary information which is solely for the use of the intended recipient(s). If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken in reliance on the contents of these documents is strictly prohibited.  If you have received this information in error, please notify the sender immediately and delete this e-mail, any attachments, and all copies.

**From:** James Adlam <adlam@ci.brookfield.wi.us>
**Sent:** Tuesday, September 17, 2024 10:07 AM
**To:** Allen, Carl <CAllen@ncghospitality.com>
**Subject:** RE: Employee Officer Incident

> You don't often get email from adlam@ci.brookfield.wi.us. Learn why this is important
> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Contact IT@ncghospitality.com with questions.

Good morning Mr Allen,

I was advised that Capt. Gatlin has reached out to meet with you.  Can you a let me know what the best way is to get a hold of you.

Thanks,

James P. Adlam
Chief of Police
City of Brookfield Police Department
2100 N. Calhoun Road
Brookfield, WI 53005
Office 262 787-3613



**From:** James Adlam <Adlam@ci.Brookfield.Wi.us>
**Sent:** Monday, September 16, 2024 10:55 AM
**To:** Allen, Carl <CAllen@ncghospitality.com>
**Subject:** RE: Employee Officer Incident

Good Morning Mr. Allen,

Thank you for reaching out. Anytime our officers use force it triggers an internal review. I will have a member of my Command Staff reach out to you soon to meet with you and get a copy of your video.

Thank you,

James P. Adlam
Chief of Police
City of Brookfield Police Department
2100 N. Calhoun Road
Brookfield, WI 53005
Office 262 787-3613



**From:** Allen, Carl <CAllen@ncghospitality.com>
**Sent:** Sunday, September 15, 2024 9:09 AM
**To:** James Adlam <Adlam@ci.Brookfield.Wi.us>
**Subject:** Employee Officer Incident

| EXTERNAL EMAIL: Do not click links or open attachments unless you know the content is safe. |
| --- |

Good Morning Chief.

I am the General Manager of the Hilton Garden Inn and the Conference Center.

Case 2:25-cv-01220    Filed 08/14/25    Page 35 of 36    Document 1

On our overnight shift from 9/13/24 into the morning of 9/14/24 no less than five of your officers engaged two of my employees of the Brookfield Conference Center outside in the back of the Conference Center.

My two employees were arrested and taken into custody.

I would like to know the reason for their arrest and what charges they are facing.

They were physically mistreated by your officers.

It is quite evident to me that your officers that were involved in this incident were not aware of the building's surveillance camaras as the video evidence is not very flattering to the officers.

I would like to meet with you on property at the Hilton Garden Inn and to share this recording with you and determine a path to resolve this incident.

I will be in the office on Monday.


Thank You


**Carl J. Allen**

Hilton Garden Inn Brookfield | 265 S. Moorland Road |Brookfield, WI 53005

T: 2623300800

F: 2623300801

C:6084436877

Carl.Allen@Hilton.com

www.ncghotels.com



**Exceptional Experience. Every Guest. Every Night. Guaranteed!**