UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMETRIOUS LOWE and
TRAYVOND BURTON,

              Plaintiffs,

      v.                                              Case No. 25-cv-1220-bhl

CITY OF BROOKFIELD, JOSHUA SCHABER,
BRANDON SCHULZ, GABRIEL EESLEY,
MAX FAULSTITCH and DEREK HANDEL,

              Defendants.

## ORDER GRANTING DEFENDANTS' RENEWED MOTION TO STAY

      On August 14, 2025, Plaintiffs Demetrious Lowe and Trayvond Burton filed this federal lawsuit, asserting false arrest and excessive force claims against the City of Brookfield and Brookfield police officers Joshua Schaber, Brandon Schulz, Gabriel Eeesley, Max Faulstitch, and Derek Handel. (ECF No. 1.) Plaintiffs' claims stem from their September 14, 2024 arrests outside the Brookfield Convention Center, a facility where they were employed. (*Id*.) Just over a month after they filed their federal lawsuit, Plaintiffs were charged criminally in Waukesha County Circuit Court with resisting an officer, *see* Wis. Stat. §946.41(1), based on the same incident. (ECF No. 15.) After the criminal charges, Defendants answered Plaintiffs' federal complaint and asked the Court to stay this case under *Younger v. Harris*, 401 U.S. 37 (1971), pending completion of the state criminal proceeding. (ECF Nos. 11 & 12.) Plaintiffs responded by filing an amended complaint asserting an additional claim of vindictive prosecution and a two-page opposition to the motion to stay. (ECF Nos. 18 & 19.) Plaintiffs argue that *Younger* should not apply because the state court prosecution was brought in retaliation for their filing of this lawsuit. (ECF No. 18 ¶¶39–42; ECF No. 19.) Defendants have since renewed their motion to stay in light of the amended complaint. (ECF No. 21.) Given the pending criminal prosecution, the Court cannot proceed with adjudicating this case and risk interfering with the pending state court criminal case. Accordingly, Defendants' motion to stay will be granted.

## FACTUAL BACKGROUND

On September 14, 2024, Lowe and Burton were on a break from their jobs at the Brookfield Convention Center in Brookfield, Wisconsin. (ECF No. 18 ¶11.) While conducting a scheduled patrol of the convention center's parking lot, Officer Shaber approached them after seeing them exit a parked vehicle. (*Id*. ¶¶12–13.) Officer Shaber indicated that he smelled marijuana emanating from the vehicle and directed Lowe and Burton to stop, but they disregarded his command and continued back to the conference center to resume their employment duties. (*Id*. ¶13.)

Other officers then arrived on the scene. Officer Schulz arrived first. (*Id*. ¶15.) He told Lowe and Burton that they were being detained for questioning and were not free to leave. (*Id*.) They responded by indicating that they had done nothing to warrant being detained. (*Id*.) Officer Eesley then arrived and, with the other officers, advised Lowe and Burton that they were going to be handcuffed. (*Id*. ¶16.) Lowe and Burton again indicated that they had done nothing wrong and suggested they were being targeted due to their race. (*Id*.) They informed the officers that they worked at the Brookfield Convention Center and simply wanted to return to their jobs, to no avail. (*Id*. ¶17.)

Officers Schaber and Schulz then initiated physical contact with Lowe. Officer Schaber grabbed Lowe, who "tensed up" due to PTSD from a prior incident in which he was beaten by police. (*Id*. ¶18.) Officer Schaber interpreted Lowe's reaction as resisting and pulled Lowe's arms behind his back, causing Lowe to cry out in pain. (*Id*.) Officer Faultstitch then arrived and unnecessarily threw Lowe to the sidewalk and placed him in handcuffs. (*Id*. ¶19.) The officers then arrested Burton. (*Id*. ¶20.) Both Lowe and Burton suffered physical injuries from this interaction. (*Id*. ¶¶24–25.)

## ANALYSIS

### I. The Court Must Abstain Under *Younger*.

In *Younger*, the Supreme Court held that federal district courts must abstain from adjudicating federal claims when a federal plaintiff uses his federal lawsuit to try to enjoin an ongoing state court criminal prosecution. 401 U.S. at 53–54. The Court extended *Younger* in *Hicks v. Miranda*, 422 U.S. 332, 350 (1975), holding that district courts must abstain from adjudicating federal claims that might interfere with an ongoing state criminal prosecution even

when the federal civil case is filed before the state initiates criminal charges. Under *Hicks*, abstention is required so long as no "proceedings of substance on the merits have taken place in the federal court." *Id.* at 350. Abstention is not limited to federal cases in which the federal plaintiff seeks only injunctive relief. *Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998). The Court must also abstain from adjudicating federal claims that seek only damages, but when the damages requested are not available in the parallel state court action, the federal court should stay, rather than dismiss, the case to ensure the plaintiff's claims do not become time-barred while the state court case proceeds. *Id.* (citing *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995)).

Because the allegations in Plaintiffs' complaint and the charges they face in state court are related, the Court agrees with Defendants that *Younger* abstention applies here. Plaintiffs' federal claims arise from the same events that are at issue in the state criminal prosecution against them. They challenge the constitutionality of their arrests and the force used to effectuate those arrests, and the Court's adjudication of those issues carries a clear risk of interfering with the parallel state prosecution and potentially creating inconsistent results. Although Plaintiffs filed their civil suit first, there have been no proceedings of substance on the merits in this Court. *Hicks,* 422 U.S. at 349–50. Defendants have answered and moved to stay the proceedings, but the Court has not ordered any form of relief and no schedule has even been set. (ECF Nos. 11 & 12.) The Court will therefore abstain under *Younger* and *Hicks*. *Hicks,* 422 U.S. at 349–50; *Ewell v. Toney*, 853 F.3d 911, 916–17 (7th Cir. 2017) ("A federal court should abstain when a state criminal complaint is filed while the federal litigation is an [sic] 'embryonic stage' and no contested matter has been decided.") (citation omitted).

## II. The Bad Faith Exception to *Younger* Abstention Does Not Apply.

In opposing Defendants' motion, Plaintiffs argue that the state criminal charges were filed in retaliation for their filing of this case. (ECF No. 19.) They allege that the City of Brookfield's City Attorney's Office caused the charges to be filed against them, for the improper purpose of staying this case. (*Id.* at 1; ECF No. 18 ¶39.) They emphasize that they do not ask this Court to enjoin their state court prosecution but merely ask that their case be allowed to continue. (ECF No. 19 at 2.)

These assertions do not take this case outside of *Younger*. While Courts have recognized an exception to *Younger* abstention for pending state court prosecutions that are filed in bad faith, that exception is narrow. A federal civil plaintiff bears the burden of showing that he is at risk of

irreparable injury from the parallel state court prosecution, and that a remedy at law would not vindicate the plaintiff's constitutional rights because of bad faith, harassment, or some other unusual circumstance. *See Younger*, 401 U.S. at 54; *Dombrowski v. Pfister*, 380 U.S. 479, 483–88 (1965); *Perez v. Ledesma*, 401 U.S. 92, 85 (1971); *Hicks*, 422 U.S. at 350–51. This is a heavy burden and an intentionally difficult showing to make. The Supreme Court has held that prosecutorial decision must be afforded a presumption of regularity. *Hartman v. Moore*, 547 U.S. 250, 263 (2006). A federal plaintiff can show bad faith by offering proof that the prosecution was brought without a reasonable expectation of obtaining a valid conviction. *See e.g. Dombrowski*, 380 U.S. at 483–88 (repeated failed prosecutions of members of political group found to be brought in bad faith); *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1090 (5th Cir. 2023) (affirming finding that repeated prosecutions with no realistic factual basis for charging decision were brought in bad faith). Ordinarily, however, courts presume that a federal plaintiff has an adequate remedy for the protection of his or her constitutional rights in being able to assert them in defending against the pending state criminal prosecution. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("The policy of equitable restraint expressed in *Younger v. Harris*, in short, is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.").

Plaintiffs have not shown that their circumstances warrant an exception to *Younger* abstention. While a bad faith prosecution can provide an exception, Plaintiffs have not made an adequate showing of bad faith here. Their argument that the prosecution is retaliatory is not supported by evidence beyond their own claims, which largely hinge on the timing between the filing of this lawsuit and the state court charges. (*See* ECF No. 19 at 2; ECF No. 18 ¶39–42.) Absent additional facts suggesting bad faith, mere suspicious timing is insufficient to trigger the exception. *See Dombrowski*, 380 U.S. at 483–88; *Netflix, Inc.*, 88 F.4th at 1090. A single prosecution, brought by another entity who is not the defendant, in which there is no basis to conclude the prosecution has no hope of success, will not justify a finding of bad faith that would warrant an exception to *Younger*. Moreover, Plaintiffs have not shown, or even argued, that they have no adequate remedy at law. They have an adequate remedy at law available to vindicate their constitutional rights; they can raise these issues in the state court in defending against the prosecution. *Kugler*, 421 U.S. at 124. This Court must presume that the state court will be competent to adjudicate those issues.

## CONCLUSION

The Court will therefore grant Defendants' motion. Because Plaintiffs assert claims for damages, and not injunctive relief, a stay of these proceedings is appropriate. *Majors*, 149 F.3d at 714; *Simpson*, 73 F.3d at 138. The case will be stayed pending the resolution of the plaintiffs' state court criminal proceedings relating to the events of September 14, 2024.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' renewed Motion to Stay, ECF No. 21, is **GRANTED.** All hearings and deadlines in the case are stayed pending the disposition of the criminal proceedings against the Plaintiffs in the Waukesha Circuit Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay, ECF No. 12, is **DENIED** as moot.

Dated at Milwaukee, Wisconsin on December 11, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge